Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

_Central_ District of _California_

Case No. **CV 19-7688- JLS (JPR)**

_(to be filled in by the Clerk's Office)_

**Durrell Anthony Puckett**

_Plaintiff(s)_
_(Write the full name of each plaintiff who is filing this complaint._
_If the names of all the plaintiffs cannot fit in the space above,_
_please write "see attached" in the space and attach an additional_
_page with the full list of names.)_

-v-

**OFFICER D. BOLANOS, et al,**

_Defendant(s)_
_(Write the full name of each defendant who is being sued. If the_
_names of all the defendants cannot fit in the space above, please_
_write "see attached" in the space and attach an additional page_
_with the full list of names. Do not include addresses here.)_

2019 SEP -5  PM 12:44

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES

BY:

FILED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should _not_ contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include _only_: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

**RECEIVED**

9-3-19

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Durrell Anthony Puckett |
| All other names by which you have been known: | Anthony Puckett |
| ID Number | #G-05549 |
| Current Institution | CSP · Corcoran |
| Address | 4001 King Ave, P.O. box 8800 |
| | Corcoran          Ca          93212 |
| | City          State          Zip Code |

### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Officer David · BOLAÑOS |
| Job or Title (if known) | Correctional Officer |
| Shield Number | 86924 |
| Employer | |
| Address | Dept. of Corrections and Rehabilitation |
| | City          State          Zip Code |

☑ Individual capacity    ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | PEDRO Castellanos |
| Job or Title (if known) | Correctional officer |
| Shield Number | 2163870 |
| Employer | |
| Address | |
| | Dept. of Corrections and rehsbilitation |
| | City          State          Zip Code |

☑ Individual capacity    ☑ Official capacity

Defendant No. 3
    Name                         Erika Rios
    Job or Title *(if known)*    Psych Tech ▬▬
    Shield Number
    Employer                 Dept. of Corrections and Rehabilitations
    Address

                                 City             State          Zip Code
                [X] Individual capacity    [X] Official capacity

Defendant No. 4
    Name                         Clark
    Job or Title *(if known)*    Psych Tech ▬▬
    Shield Number
    Employer                  Dept. of Corrections and Rehabilitations
    Address

                                   City             State          Zip Code
                [X] Individual capacity    [X] Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

    A.    Are you bringing suit against *(check all that apply)*:

            [ ]  Federal officials (a *Bivens* claim)

            [X]  State or local officials (a § 1983 claim)

    B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

            See. Differential treatment by
            Denial of medical/mental health
        Use of force, 8TH Amendment/ Reprisal, 8TH Amendment / Emotional
        injury

    C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

1  Defendant No.5
2  Salvador Bermudez
3  Correctional sergeant
4  75456
5  Dept. of Corrections and Rehabilitations
6      INDIVIDUAL Capacity
7
8  Defendant No.6
9  Miguel Mendoza
10  Correctional Sergeant
11  79850
12  Dept. of Corrections and Rehabilitations
13      Individual Capacity
14
15  Defendant No.7
16  Aaron Altamirano
17  Correctional Officer
18  86022
19  Dept. of Corrections and Rehabilitations
20      Individual Capacity
21
22  Defendant No.8
23  Raymond Norton
24  Correctional officer
25  90031
26  Dept. of corrections and rehabilitations
27      Individual Capacity
28

1 | Defendant no. 9
2 | David Melos-Trejos
3 | correctional officer
4 | 87633
5 | Dept of Corrections and Rehabilitations
6 | Individual Capacity
7 |
8 | Defendant no. 10
9 | Richard Tull
10 | Correctional office
11 | 60698
12 | Dept of Corrections and Rehabilitations
13 | Official and Individual Capicity
14 |
15 | Defendant no. 11
16 | Robert Anderson
17 | Correctional Officer
18 | 86928
19 | Department of Corrections and Rehabilitations
20 | Both Capacities
21 | Defendant no. 12
22 | Michael Dilger
23 | Correctional Officer
24 | 86486
25 | Dept. of Corrections and Rehabilitations
26 | BoTH Capacities
27 |
28 | 5 of 19

Defendant No. 13

Carlos Flores

Correctional officer

N/A

Dept. of Corrections and Rehabilitations

    Both Capacities

    Same address for all Defendants

        Ca State Prison - Los Angeles  County

            44750 60" st. West

            Lancaster, Ca 93536

6 of 19

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

Castallano Beat me while non-resistive, called me multiple Niggers, denied suicide watch, strip me completely naked in front of whole unit. kept saying you want to go suicidal take this deadly ass beating. He incidently touched my private area.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [x] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

N/A

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

CSP L.A. COUNTY 12·28·2017 - 4·2018

David Bolanos, refused suicide watch, intentionally pepper sprayed me for no reason, wrote a false report that I spit on him, punched me multiple times. Used racial slurs I WAS NONE RESISTANT. Reprisal for being suicidal

ERIKA RIOS, DENIAL FIRST MEDICAL ASSEMENT, DENIAL TO REPORT STAFF MISCONDUCT WHEN THEY JUMPED ME IN FRONT OF HER, CAME TO MY DOOR/CELL AND TOLD ME DUE TO I EXPOSED MYSELF TO HER A MONTH BEFORE I COULD EAT A FAT DICK.

CLARK, DENIED SUICIDE WATCH W/BOLANOS, SEEN OFFICERS BEAT ME AND FAILED TO PROTECT BY NOT SAYING NOTHING, JUST CONDONING.

Salvador Bermudez, watched me get jumped twice and failed to protect me by not intervening when he's a superior officer, seen them kicking me as they took my clothes off by ripping them apart, he falsified a report to cover up misconduct

Miguel Mendoza, orchrestrated the attack by telling all officer to stay outside as he closed the door preventing view from other guards then w/ P. Castellanos started violently ponching me then slam me down.

1  AARON ALTAMIRANO LIED AND SAID I INTEN-
2  TIONALY TRIED TO KICK HIM AS I WAS MACED IN
3  THE EYE IN STUTTERED STEPPED IN ALMOST FELL.
4  HE SLAM ME DOWN AND STRIP ME NAKED W/ P.
5  CASTELLANOS BY RIPPING MY CLOSE OFF IN
6  HITTING ME. AND LIED AND SAID I GRABBED HIS ARM
7  BECAUSE LIEUTENANT MARSHAL CAME WHILE THEY HIT ME W/ BATON.
8     RAYMOND MONTEON FALSE FALSIFIED A REPORT
9  AND CLAIMED I SPIT ON HIM WHICH WAS IMPOSSIBLE
10 DUE TO HE HAD A PLEXIE SHIELD TO PREVENT
11 GASSING. IT'S ABOUT 4ft LONG AND 3Ft WIDE.
12 HE ALSO BANGED MY HEAD ON DOOR ONCE I CAME OUT.
13 BUT I DID NOT NO HIS NAME AT THE TIME, I JUST
14 SEEN PART OF IT BUT WHEN I RECEIVED VIOLATION
15 REPORT I WAS ABLE TO IDENTIFY HIM.
16    DAVID MELOW-TREJOS FOR NO PENOLOGICAL REASON BEAT MY HAND
17 WHILE I HELD THE TRAY SLOT THEN LIED IN WROTE A
18 FALSE REPORT OUT OF RETALIATION TO COVER UP BEATING A
19 MENTALLY ILL PRISONER. HE LIED AND SAID THEY
20 SECURED THE TRAY SLOT. LIEUTENANT MARSHAL SECURED
21 THE TRAY SLOT WHEN HE ASKED ME TO ASK INMATE CLAY
22 IS HE A MAN OF HIS WORD TO GET ME PULLED OUT
23 FOR MEDICAL TREATMENT AND USE OF FORCE INTERVIEW
24 AND PRISON RAPE ELIMINATION ACT (PREA ACT) DUE TO
25 HE SEEN ME NAKED.
26    RICHARD TULL LIED AND COVERED UP MISCONDUCT
27 BY FALSIFYING A REPORT. HE WAS STANDING AT THE
28 WINDOW WHEN I WAS NON-RESISTANT BEING HIT AS HE

1  TOLD THEM THAT'S ENOUGH LAUGHING. HE ALSO SEEN

2  ME NAKED AND DID NOT MENTION IT IN HIS REPORT.

3  HE MINIMUMIZED THEIR ACTIONS.

4       ROBERT ANDERSON WROTE A FALSE REPORT, BEAT ME

5  W/ BATON AT CELL FRONT, SLAMMED ME DOWN WITH

6  P.CASTELLANOS PUTTING ME IN A DAZE AS I WAS NOT

7  RESISTING OR DISOBEYING A LAWFUL ORDER. THEY RE-VIC

8  TIMIZED ME FOR CALLING THEM COWARDS FOR BEATING

9  ME AND HANDCUFFS WHERE I COULD NOT DEFEND MYSELF.

10 HE LIED AND SAID I SPIT ON CASTELLANOS AN WHICH

11 SHOULD OF BEEN IMPOSSIBLE AS LOCR POLICY AUTOMATI-

12 CALLY IF A INMATE SPIT SHOULD IMMEDIATELY BE PLACED

13 ON SPIT NET RESTRICTION UNTIL FURTHER NOTICE MEANING

14 BEFORE I CAME OUT MY CELL I SHOULD OF BEEN GIVEN A

15 SPIT NET TO PUT ON AND A TRIANGLE RESTRAINT FOR

16 SUPPOSELY HOLDING HANDCUFFS AND PLACED ON MY KNEES

17 THEN ONCE DOOR IS PARTIALLY OPEN THEY PUT ONE HAND

18 ON SHOULDER SO IT PREVENTS ANOTHER ASSAULT WHILE

19 ANOTHER STAFF KEEPS PEPPERSPRAY OUT OPEN DOOR THEN

20 PLACED ON LEG RESTRAINTS SO WE WON'T KICK.

21      MICHAEL DILGER FALSIFIED A REPORT. SEEN

22 MONTEON BANG MY HEAD ON CELL DOOR AND DID NOT REPORT

23 IT, LIED AND SAID I SPIT ON HIM. POLICY FOR STAFF

24 ASSAULTS REQUIRE PICTURES FROM INVESTIGATIVE SERVICE

25 UNIT (I.S.U) LABORTORY REPORTS FOR BLOOD EXPOSURE AS

26 EVIDENCE TO PROVIDE TO D.A. OFFICE FOR POSSIBLE

27 CRIMINAL PROSECUTION, NONE EXIST, NURSES COULD JUST

28 LIE, OR CONDONE, OR SEEN WET STAINS BUT CANNOT LIKE THEY
   DID SAY IT'S SPAT OR BLOOD WITHOUT LABORTORY REPORTS

1  CARLOS FLORES FOR NO REASON BUT TO CAUSE
2  HARM BEAT ME IN THE HALLWAY BETWEEN 133 & 134
3  CELL NUMBERS WITH Sgt. MENDOZA AND P. CASTELLANOS,
4  FALSIFIED A FAKE STAFF ASSAULT, KICKED ME AND PUNCH
5  ME WHILE NON-RESISTANT. ALL I DID DURING THE
6  UNWANTON VICTIMIZATION WAS SCREAM OUT STOP AND
7  THEN HE TO THE NURSE TO PREVENT FURTHER ATTACK.
8  HE LIED AND SAID I HEAD BUTTED HIM BUT NO
9  PICTURES WAS TAKEN PER REGULATIONS TO SECURE ALL AVAIL-
10  ABLE EVIDENCE. TOLD ME SMILING, HUH NIGGER
11  LOOK AT YOU NOW, YOU AINT TOUGH NO MORE WITHOUT YOUR
12  KNIFE. [NOTE I WAS THERE FOR A ATTEMPTED MURDER ON A
13  OFFICER AT ANOTHER PRISON DUE TO I AM RESTRICTED FROM
14  THEIR] ALSO I WANT IT NOTED I AM A 2 ON 1,
15  ESCORT W/ A SUPERVISOR. BOLANOS SHOULD OF NEVER
16  SUPPOSELY TRIED TO PULL ME OUT BY HISELF AS I AM
17  A KNOWN VIOLENT INMATE IN IT WAS A SIGN ON MY
18  DOOR TO HAVE A SERGEANT PRESENCE.
19  PEDRO CASTELLANOS AFTER 12-28-17 INCIDENT
20  EVERY TIME HE WORKED I WAS DENIED DINNER, HE
21  RIPPED UP MAIL, PLUS LEGAL MAIL, ILLEGALLY SEARCH MY
22  CELL AND STOLE WITNESSES AFFIDAVITS THEN WHEN I CAME
23  BACK FROM GROUP HE CAME TO MY DOOR AND RIPP EM
24  UP. I FEARED OF FURTHER ABUSE AND BECAME HOMICIDAL
25  FOR AWHILE THEN DEEPLY DEPRESSED AND SUICIDAL.
26  MIGUEL MENDOZA IN HIS REPORT STATES 2 HRS BEFORE
27  ME CLAIMING I WAS SUICIDAL & GOT CLEARED. WHEN I SEEN
28  THE DOCTOR I ENDED IN MENTAL HOSPITAL FROM 12-29-17 -3.16.18.

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

C.    What date and approximate time did the events giving rise to your claim(s) occur?

12.28.2017 around 6:30 p.m.   Through out march 2018 p.m. Times

D.    What are the facts underlying your claim(s)?  *(For example:  What happened to you?  Who did what?  Was anyone else involved?  Who else saw what happened?)*

I WAS BEATEN FOR BEING SUICIDAL, STRIPPED NAKED BY P. CASTELLANOS. F/m CLAY, F/m JAMES Thomas, F/m Adrian Escajed, F/m Carl Johnson (F/m Dajuan Jackson recorded it on cell phone)

## V.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I had several Knots and bruises, fracture nose Swollen ankle and .scrapes, stripped completely naked Causing emotional Injury. I went to outside Hospital for a second opinion in got a pain reliever shot. I was stuck in a dazed, and my right became Black, and momentarily no vision

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

P. Castellanos Individual Capacity 387,000.°° Zero Cents 1,500.°° Official Capacity, D. Bolanos Individual Capacity 128,000.°° Zero cents Official Capacity.890.°°... Flores Both Capacities 150,000.°° Rest of Def. 30,000.°° each Individual Capacity, Sgt. Mendoza 250,000.°° OFFICIAL CAPACITY 1,500.°°

12 OF 19

### VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Ca State Prison - Los Angeles County

B.    Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.    Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?    ALL



Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose
concerning the facts relating to this complaint?

☑ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or
other correctional facility?

☑ Yes

☐ No

E.    If you did file a grievance:

1.    Where did you file the grievance?  AT   CSP-CIM   AND
CMF- AT VACAViLLe (P.I.P)
CSP- L.A. County

2.    What did you claim in your grievance?

MARCH DENIAL OF SUICIDE WATCH REPRISAL
12.28.2019 BATTERY (3) TIMES IN 10 MINUTES PLUS A
PREA ACT for stripping me naked

3.    What was the result, if any?

DENIED  AND  NON-RESPONSIVE

4.    What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If
not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

FILED two 602 complaint, one regular, one PREA ACT
One Writ of Habeas Corpus due to their non-
responsive to next level
14 OF 19

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

   1.   If there are any reasons why you did not file a grievance, state them here:

   N/A

   2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   N/A

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   I spoke to I.S.U ... A Lt. and wrote
   Debbie Ascion Warden An Lt. K. Graves

   *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

15 of 19



Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes

☐ No

B.    If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.    Parties to the previous lawsuit

Plaintiff(s)    Puckett

Defendant(s)    T. Eilers et al

2.    Court *(if federal court, name the district; if state court, name the county and State)*

E.D. of Ca

3.    Docket or index number

N/A

4.    Name of Judge assigned to your case

dont recall

5.    Approximate date of filing lawsuit

2010

6.    Is the case still pending?

☐ Yes

☒ No

If no, give the approximate date of disposition.    N/G

7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

Settled

C.    Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Yes

Pg 16 of 19

Page 16

☒ Yes

☐ No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s)   PUCKETT
   Defendant(s)   N.K.S.P EMPLOYEES, et al.,

2. Court *(if federal court, name the district; if state court, name the county and State)*

   E.D. of Ca

3. Docket or index number

   N/A

4. Name of Judge assigned to your case

   N/A

5. Approximate date of filing lawsuit

   2008

6. Is the case still pending?

   ☐ Yes

   ☒ No

   If no, give the approximate date of disposition   DON'T REMEMBER 2009

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   CASE APPEALED TO 9TH Cir. Crt.





1    B. continues

2   Puckett v. D. Bailey et al    Heck Bar

3   E.D of Ca  2011

4   Puckett v. Zamee lost at trial E.D. of Ca

5   Puckett v. D. Hill et al settled  E.D. of Ca

6   Puckett v. T.W. Steadman dismissed for one

7   bite of fruit, (something like that)

8   Puckett v. K. Brandon et al lost at trial E.D. of trial

9   Puckett v. R. Vose et al lost after settlement Conference

10  Puckett v. B. Galindo et al lost for not paying, E.D. of Ca

11  Puckett v. J. Mack lost for not paying E.D. of Ca

12  Puckett v. H. Jaguez et al lost at trial C.D. of Ca

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IX.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.     For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:     8/27/2019

Signature of Plaintiff     *Durell Anthony Puckett*
Printed Name of Plaintiff     Durrell Anthony Puckett
Prison Identification #     G.05549
Prison Address     4001 KING AVENUE
CORCORAN     CA     93212
                    City                    State         Zip Code

### B.     For Attorneys

Date of signing:     _____

Signature of Attorney     _____
Printed Name of Attorney     _____
Bar Number     _____
Name of Law Firm     _____
Address     _____
                    City                    State         Zip Code

Telephone Number     _____
E-mail Address     _____

Pg 19 OF 19



STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**MEDICAL REPORT OF INJURY**
**OR UNUSUAL OCCURRENCE**

| NAME OF INSTITUTION | FACILITY/UNIT | REASON FOR REPORT (circle) | ON THE JOB INJURY | DATE |
|---|---|---|---|---|
| LAC | D5 | USE OF FORCE / **INJURY** / UNUSUAL OCCURRENCE | PRE AD/SEG ADMISSION | 12/28/17 |

| THIS SECTION FOR INMATE ONLY | NAME LAST Puckett | FIRST | CDC NUMBER B05549 | HOUSING LOC. D5 138 | NEW HOUSING LOC. |
| THIS SECTION FOR STAFF ONLY | NAME LAST N/A | FIRST | BADGE # N/A | RANK/CLASS N/A | ASSIGNMENT/RDOs N/A |
| THIS SECTION FOR VISITOR ONLY | NAME LAST N/A | FIRST N/A | MIDDLE | DOB N/A | OCCUPATION N/A |
| | HOME ADDRESS N/A | CITY N/A | STATE N/A | ZIP N/A | HOME PHONE N/A |

| PLACE OF OCCURRENCE D5 | DATE/TIME OF OCCURRENCE 12/28/17 | NAME OF WITNESS(ES) N/A | | |
| TIME NOTIFIED 1923 | TIME SEEN 1930 | ESCORTED BY | MODE OF ARRIVAL (circle) LITTER / (AMBULATORY) / ON SITE    WHEELCHAIR | AGE 31 | RACE B/K | SEX M |

BRIEF STATEMENT IN SUBJECT'S WORDS OF THE CIRCUMSTANCES OF THE INJURY OR UNUSUAL OCCURRENCE

"I can't see out my right eye."
"They grabbed my dick, when they were stripping me out, but I checked it and it's ok."
"I'm suicidal"

| INJURIES FOUND? YES/NO | |
|---|---|
| Abrasion/Scratch | (1) |
| Active Bleeding | (2) |
| Broken Bone | 3 |
| Bruise/Discolored Area | (4) |
| Burn | 5 |
| Dislocation | 6 |
| Dried Blood | 7 |
| Fresh Tattoo | 8 |
| Cut/Laceration/Slash | 9 |
| O.C. Spray Area | (10) |
| Pain | (11) |
| Protrusion | 12 |
| Puncture | 13 |
| Reddened Area | (14) |
| Skin Flap | 15 |
| Swollen Area | (16) |
| Other (lumps) | 17 |
| Pain 8/10 | 18 |
| | 19 |

O.C. SPRAY EXPOSURE? (YES)/NO

DECONTAMINATED? (YES)/NO

Self-decontamination instructions given? (YES)/NO

Refused decontamination? (YES)/NO

Q 15 min. checks

Staff issued exposure packet? YES /(NO)

| RN NOTIFIED/TIME 1933 Kahmati | PHYSICIAN NOTIFIED/TIME N/A |

TIME/DISPOSITION 1935 Inmate will be sent to TTA



REPORT COMPLETED BY/TITLE (PRINT AND SIGN) A. Dotson, PT

| BADGE # 110507 | RDOs Fri/Sat |

(Medical data is to be included in progress note or emergency care record filed in UHR)

CDCR 7219 (Rev. 11/05)    DISTRIBUTION:    ORIGINAL - Custody    CANARY - Inmate/Employee    PINK - Health and Safety / RTW Coordinator (only work related injury)

Declaration, Sworn Affidavit of Adrian Escajeda cdc#G-29352

I, Adrian Escajeda cdc# G-29352 declares as follows;
On or about 12-28-17 c.o. P. Castellanos used excessive use of force on inmate Puckett cdc# G-05549. C.o Castellanos and about four other officers were beating on him, and continued to yell "stop resisting". Inmate Puckett #G-05549 to my knowledge was not resisting, I dont even think he was alert. They degraded him by ripping off his clothes he was on the ground in handcuffs butt-naked. This misbehavior has been going on for a while and inmate Puckett seems to be their target.

I can and will testify to thee above and if called as a character witness against c.o P. Castellanos. I can confirm through personal observation of him (c.o. P. Castellanos) physically ~~did~~ without provocation cause harm Inmate Puckett # G-05549.

I Adrian Escajeda cdc# G-29352 declare under penalty of perjury that the foregoing is true and to the best of my knowledge on 05-18-2018 in Represa, California.

Adrian Escajeda
Adrian Escajeda
#G-29352
P.O. Box 290066
Represa CA. 95671

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS
CDC-128 C

NAME and NUMBER _PUCKETT, DURRELL, G05349_    RM: _____

A review of _PUCKETT, DURRELL_ medical chart on _12/29/17_ reveals
       NAME          DATE

that this Inmate was treated at _PRMC ER_ and sustained the
           LOCATION

following injuries as a result of Incident Log number # _LAC-_
                 INCIDENT NUMBER I

☐ LOSS OF CONCUSSION: _____
              COMMENTS

☐ CONCUSSION: _____
            COMMENTS

☑ BONE FRACTURE(S): _nasal bone fracture_
            COMMENTS/LOCATION(S)

☑ SUTURES/STAPLES: _____
           LOCATION AND NUMBER

☐ SERIOUS DISFIGUREMENT: _____
          LOCATION AND DESCRIPTION

☐ IMPAIRMENT TO OR LOSS OF ORGAN/BODY PART: _____

_____
        LOCATION AND TYPE

☐ ANY OTHER INJURY REQUIRING HOSPITALIZATION: _____

_____
        LOCATION / TYPE

COMMENTS: _Per CT Results from PRMC._

_____

_____

_____

_B.Brooke RN_
NAME:  (PRINT)    TITLE:   SIGNATURE:

ORIG: C-File
CC  Facility Disciplinary Officer
   Inmate

DATE:  CSP-LAC  INJURY DOCUMENTATION  GENERAL CHRONO

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Side 1

1814418

G05549

IAB USE ONLY

| Institution/Parole Region: | Log #: | Category |
|---|---|---|
| OOA | 18-11185 | 10 |

*FOR STAFF USE ONLY*

You may appeal any California ~~Department of Corrections~~ and Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse effect upon your welfare and for which there is no other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, *only* one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

Appeal is subject to rejection if one row of text per line is exceeded.

**WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Rickett, Durrell | CDC Number: G 05549 | Unit/Cell Number: 4A.1L.10L | Assignment: |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Incorrect Results by I.A.B

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): The top left hand corner has my name & Badge they day they gave my 2nd lvl results to proceed to next lvl

B. Action requested (If you need more space, use Section B of the CDCR 602-A): For my appeal to be processed

Supporting Documents: Refer to CCR 3084.3.
☐ Yes, I have attached supporting documents.
List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____

☐ No, I have not attached any supporting documents. Reason : _____

Inmate/Parolee Signature: _____ Date Submitted 10.10.18

☐ **By placing my initials in this box, I waive my right to receive an interview.**

REC BY OOA
OCT 29 2018

**C. First Level - Staff Use Only**                Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No
This appeal has been:
☐ Bypassed at the First Level of Review. Go to Section E.
☐ Rejected (See attached letter for instruction) Date: _____ Date: _____ Date: _____ Date: _____
☐ Cancelled (See attached letter) Date: _____
☐ Accepted at the First Level of Review.
    Assigned to: _____ Title: _____ Date Assigned: _____ Date Due: _____
First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview date, location, and complete the section below.
    Date of Interview: _____ Interview Location: _____
Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other: _____
    See attached letter. If dissatisfied with First Level response, complete Section D.
Interviewer: _____ (Print Name) Title: _____ Signature: _____ Date completed: _____
Reviewer: _____ (Print Name) Title: _____ Signature: _____
Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

STATE OF CALIFORNIA                                                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF CORRECTIONS AND REHABILITATION**
**Office of Appeals**
P.O. Box 942883
Sacramento, CA  94283-0001



January 24, 2019

PUCKETT, DURRELL, G05549
California State Prison, Corcoran
PO Box 8800
Corcoran, CA  93212-8800

Dear Mr./Ms. PUCKETT, DURRELL,

The California Department of Corrections and Rehabilitation (CDCR) Office of Appeals (OOA) received your CDCR Inmate 602 Appeal log number 1814418 for the purposes of providing a Third Level Response.

Unfortunately, due to time constraints, OOA will not be issuing a Third Level Response to your inmate appeal.  The Second Level Response to your appeal, previously issued is adopted as the Third Level Response and serves as the Department's decision in full.

The Second Level Response will constitute exhaustion of the administrative remedy provided by the CDCR Inmate 602 Appeal process as described in California Code of Regulations Title 15 section 3084.1(b) for the specific issues described in CDCR Inmate 602 Appeal log number OOA-18-11185.

This action by OOA does not excuse you from exhausting any other administrative remedies that may be required or available to you in relation to your particular claim, including, but not limited to, the Department of General Services Government Claims Program, the Department of Fair Employment and Housing, and the Equal Employment Opportunity Commission.

Sincerely,

Office of Appeals
California Department of Corrections & Rehabilitation

cc:    Litigation Coordinator

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL**
CDCR 602 (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

*✗ PLEASE FORWARD TO CSP-L.A.C AS EMERGENCY ✗*

Side 1

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|

1811185

G05549

LAC-D-18-01891   #7
SAC-0-18-01219

FOR STAFF USE ONLY

You may ~~appeal~~ ... Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse ... other prescribed method of departmental review/remedy available. See California Code of Regulations (CCR), Title 15, Section 3084.1. You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that led to the filing of this appeal. If additional space is needed, only one CDCR Form 602-A will be accepted. Refer to CCR 3084 for further guidance with the appeal process. No reprisals will be taken for using the appeal process.

**Appeal is subject to rejection if one row of text per line is exceeded.**          **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): Puckett, Durrell | CDC Number: G05549 | Unit/Cell Number: A-2-203L | Assignment: — |
|---|---|---|---|

State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):

Reprisal

A. Explain your issue (If you need more space, use Section A of the CDCR 602-A): EVER SINCE 12-28-17 WHEN c/o DeBanas, c/o P. Castellanos and others on D-5 sent me to outside hospital and Sexually Battered me, staff at CSP-LAC has been covering up prison brutality

B. Action requested (If you need more space, use Section B of the CDCR 602-A): 1) STAFF SEPARATION on P. Castellanos, D. Balanes 2) Ass Lpt chavez Lpt Ellis for denying suicide protocol and watching staff reprise against me 3) NOT to be placed on D-5 around 3/w staff period, 4) monetary relief.

**Supporting Documents:** Refer to CCR 3084.3.

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

_____

_____

☐ No, I have not attached any supporting documents. Reason : _____

_____

_____

| Inmate/Parolee Signature: | Date Submitted: 3/25/18 |
|---|---|

☐ **By placing my initials in this box, I waive my right to receive an interview.**

APR 04 2018

REC BY OOA

OCT 29 2018

REC BY OOA

JUL 24 2018

5/1-7/18
7/24/18

**C. First Level - Staff Use Only**          Staff – Check One: Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review. Go to Section E.

☑ Rejected (See attached letter for instruction)  Date: 3/26/18  ☐ Date: _____  ☐ Date: _____  ☐ Date: _____

☐ Cancelled (See attached letter) Date: _____

☐ Accepted at the First Level of Review.

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder: Complete a First Level response. Include Interviewer's name, title, interview location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other

See attached letter. If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Title: _____  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Title: _____  Signature: _____

Date received by AC: _____

| AC Use Only |
|---|
| Date mailed/delivered to appellant ____ / ____ / ____ |

BYPASS

STATE OF CALIFORNIA
**INMATE/PAROLEE APPEAL FORM ATTACHMENT**
CDCR-0602-A  (REV. 03/12)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**Side 1**

| IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|
| | LAC-D-18-01891 | | #7 |
| | SAC-O-18-01719 | | |

FOR STAFF USE ONLY

Attach this form to the CDCR 602, only if more space is needed.  Only one CDCR 602-A may be used.
**Appeal is subject to rejection if one row of text per line is exceeded.    WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First) | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| Puckett, James | BO884 | A-2-205 | |

**A.  Continuation of CDCR 602, Section A only (Explain your issue):** While being housed on D-5. They're not feeding me, denied suicide watch by S/t Rosales, P. Castellanos, Rodriguez, Ohayo (something like that), Lucio, D. Boitnes, Lp. t Ellis, Lypt Chavez after hanging and swallowing 4 razors on 3-21-18 throwing up blood. They keep saying for filing a 602 in prea get my nigger ass got nothing coming in telling inmates lies saying I'm a chil molester snitch for ISU plus threaten to beat me when CCI brings me there for cci't. their reprisal every time I go to D-5 makes me completely in fear of my life and that they'll sexully assault me. I feel homicidal everytime I'm in the presence of P. Castellanos and D. Boitne's who keep trying to set me up. I'm having thoughts of killing them only which onced them and hearing voices. They made me emotionally disturbed Paranoid and depressed from anticipation waiting on there next assault. ALL STAFF AT csp-lac is covering up misconduct. I even told them to get Inspector General Office involved so I can release video footage of 12-28-17 Incident where I was stripped naked in front of everyone for no reason etc; everytime Im placed on D-5 I'll try to die.

Inmate/Parolee Signature: _[signature]_    Date Submitted: 3/25/18

**B.  Continuation of CDCR 602, Section B only (Action requested):** 5) Inspector General to get involved to receive cell phone footage of 12-28-17 Incident from another Undisclosed Inmate. 6) O.I.A to Investigate. Inmate D. Jackson D-5-135, I/m Wright D-5-137, I/m in cell 129 on 3-21-18 Interviewed about P. Castellanos & others reprisal on 3-21-18 plus other continuous acts.

Inmate/Parolee Signature: _[signature]_    Date Submitted: 3/25/18

APR 04 2018
REC BY OOA
OCT 29 2018
REC BY OOA
JUL 24 2018

State of California

# Memorandum

Date : May 15, 2018
To : Puckett #G05549
D5-150L
California State Prison-Los Angeles County

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # LAC-D-18-01891   SECOND LEVEL RESPONSE**

**APPEAL ISSUE:**
The appellant alleges since December 28, 2016, Correctional Officer (C/O) P. Castellanos, D. Bolanos, E. Ohaya, and Sgt. M. Rosales engaged in staff misconduct toward the appellant. The appellant alleges the staff misconduct occurred while the appellant was housed in the Administrative Segregation Unit, at the California State Prison - Los Angeles County. The appellant alleges he was denied access to mental health treatment. The appellant stated he was not afforded meals.

The appellant is requesting staff separation alerts are placed on C/Os P. Castellanos, D. Bolanos, and LPT Chaves, and Ellis. In addition, the appellant is requesting no reprisal for submitting appeals. The appellant is requesting to not be housed at the California State Prison – Los Angeles County.

The appellant request the Hiring Authority deem the best resolution as well as an investigation on failures to accurately and promptly report incidents.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response.  The appellant does not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by the appellant in this complaint.  If the appellant is unable to name all involved staff, the appellant may request assistance in establishing their identity.

**DETERMINATION OF ISSUE:**
The appellant's allegation of staff misconduct has been reviewed by the Hiring Authority. As a result of said review your appeal was referred for an allegation inquiry.

**SUMMARY FOR APPEAL INQUIRY:**
K. Graves, Correctional Lieutenant (Lt.), was assigned to review this appeal at the Second Level of Review. The First Level of Review was bypassed per California Code of Regulations (CCR), Title 15, Section 3084.7(b). All submitted documentation and supporting arguments have been considered.

On May 15, 2018 Lieutenant (LT) K. Graves contacted the California State Prison – Sacramento (SAC) to conduct a telephone interview with the appellant to afford him an opportunity to fully explain his appeal. The appellant agreed to participate in the interview. The appellant states his CDCR# G05549. C/O Morales of SAC confirmed the appellant's identity.

Second Level Appeal Response                                                    Attachment E2
LAC-D-18-01891
Page 2

As the interview commenced, the appellant was asked if he had additional information to
add to his appeal; the appellant did not have additional information to add to his appeal.
The appellant did not provide inmate witnesses to substantiate his claim. The appellant did
not provide additional staff or inmate witnesses who were present on the day the allege
misconduct occurred.

The matter was referred for an allegation inquiry, conducted confidentially by staff locally.
The following individuals were interviewed: C/O P. Castellanos, D. Bolanos, E. Ohaya, Sgt.
M. Rosales, LPTs Chavez, and Ellis. Staff did not violate California Department of
Corrections and Rehabilitation policy with respect to the issues raised.

**FINDINGS:**
This appeal is Partially Granted in that an inquiry into the allegation has been
conducted at the institutional level and inmates shall not be subject to retaliation as
specified in the CCR, Title 15, CCR Section 3084.1.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the
details of any inquiry or investigation will not be shared with staff, members of the public, or
offender appellants. Although the appellant has the right to submit a staff complaint, a
request for administrative action regarding staff or the placement of documentation in a staff
member's personnel file is beyond the scope of the staff complaint process. Allegations of
staff misconduct do not limit or restrict the availability of further relief via the inmate appeals
process.

If the appellant wish to appeal the decision, the appellant must submit his staff complaint
appeal through all levels of appeal review up to, and including, the Secretary's Level of
Review. Once a decision has been rendered at the Third Level, the appellant's
administrative remedies, will be considered exhausted.


K. GRAVES
Correctional Lieutenant
California State Prison–Los Angeles County


DEBBIE ASUNCION
Warden
California State Prison–Los Angeles

STATE OF CALIFORNIA
**RIGHTS AND RESPONSIBILITY STATEMENT**
CDCR 1858 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]   FOR ANY IMPROPER POLICE   [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.   THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.   CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | | DATE SIGNED |
|---|---|---|---|
| Durrell A. Puckett | Deb Cull | | 7-22-18 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Durrell A. Puckett | Deb Cull | G.05549 | 7-22-18 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | | DATE SIGNED |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
OFFICE OF APPEALS
P. O. BOX 942883
SACRAMENTO, CA  94283-0001

# THIRD LEVEL APPEAL DECISION

Date:   FEB 06 2019

In re:   Durrell Puckett, G05549
         California State Prison, Corcoran
         P.O. Box 8800
         Corcoran, CA   93212-8800

         TLR Case No.: 1806748          Local Log No.: LAC-18-01493

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner K. Z. Allen, Captain.   All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:**   It is the appellant's position on March 7, 2018, California State Prison, Los Angeles County (LAC) Correctional Officer (CO) P. Castellanos acted unprofessional.  The appellant asserts CO Castellanos called him a "nigger, pervert, and rapist."   The appellant claims that CO Castellanos endangered his safety by showing his CDC Form 128-G, Classification Committee Chrono, with his charges and informed him that "his (CO Castellanos') buddy is doing an investigation of his sexual battery claim on him from December 28, 2017."   The appellant contends CO Castellanos ripped up his legal documents and affidavits for an active lawsuit.  The appellant request monetary relief; that a no contact order be put into place; and that the affidavits are retrieved from some of his witnesses.

**II   SECOND LEVEL'S DECISION:**   The Second Level of Review (SLR) identified and addressed the appellant's allegations of staff misconduct.   The reviewer documented that an appropriate supervisory staff member was assigned to conduct an inquiry into this matter.  The inquiry included a review of the evidence and an evaluation of any interview conducted.  In order to determine the facts, the inquiry also included a review of pertinent documents, current policies, laws, and procedures.  The SLR noted that all staff personnel matters are confidential in nature, and that the appellant would only be notified whether the actions of staff were or were not in compliance with policy.  The SLR found that the staff did not violate CDCR policy with respect to the issues raised.  The SLR partially granted the appeal in that an inquiry was conducted.

**III   THIRD LEVEL DECISION:**   Appeal is denied.

   **A.   FINDINGS:**   The Third Level of Review (TLR) finds that the appellant's allegations were appropriately reviewed and evaluated by administrative staff.  The TLR notes that all staff personnel matters are confidential in nature and will not be disclosed to other staff, the inmate population, the general public, or the appellant.  The appellant was informed that if the conduct of staff was determined to not be in compliance with policy, the institution would take the appropriate course of action.  In this case, the SLR informed the appellant that an inquiry was completed and disclosed the determination of the inquiry to the appellant.   The TLR reviewed the confidential inquiry and concurs with the determination of the SLR.  The TLR notes that, while the appellant has the right to submit an appeal as a staff complaint, requests for: administrative action regarding staff; the placement of documentation in a staff member's personnel file; to reprimand staff; to remove staff from a position; and/or requests for monetary compensation are beyond the scope of the appeals process.  The TLR finds the institution's response complies with departmental policy, and the appellant's staff complaint allegations were properly addressed.  Therefore, no further relief shall be afforded at the TLR.

   The appellant has added new issues and requests to the appeal.  The additional requested action is not addressed herein as it is not appropriate to expand the appeal beyond the initial problem and the initially requested action (CDC Form 602, Inmate/Parolee Appeal Form, Sections A and B).

   **B.   BASIS FOR THE DECISION:**
   California Code of Regulations, Title 15, Section: 3000, 3001, 3084, 3270, 3380, 3391

   **C.   ORDER:**   No changes or modifications are required by the institution.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS AND REHABILITATION

**INMATE/PAROLEE APPEAL**

CDCR 602 (REV. 08/09)

TREAT AS ORIGINAL

Side 1

| | IAB USE ONLY | Institution/Parole Region: | Log #: | Category: |
|---|---|---|---|---|
| 1806748 | | | LAC-D-18-01493 | #1 |
| G05549 | | | FOR STAFF USE ONLY | |

You ma ~~~ nd Rehabilitation (CDCR) decision, action, condition, policy or regulation that has a material adverse ~~~ other prescribed method of departmental review/remedy available.   See California Code of Regulations, Title 15, (CCR) Section 3084.1.  You must send this appeal and any supporting documents to the Appeals Coordinator (AC) within 30 calendar days of the event that lead to the filing of this appeal.  If additional space is needed, only one CDCR Form 602-A will be accepted.  Refer to CCR 3084 for further guidance with the appeal process.  No reprisals will be taken for using the appeal process.

MAIL-102

Appeal is subject to rejection if one row of text per line is exceeded.     **WRITE, PRINT, or TYPE CLEARLY in black or blue ink.**

| Name (Last, First): | CDC Number: | Unit/Cell Number: | Assignment: |
|---|---|---|---|
| PUCKETT, DURRELL . ANTHONY | G.05549 | Q2-216 | ACUTE |

**State briefly the subject of your appeal (Example: damaged TV, job removal, etc.):**

STAFF MISCONDUCT

**A.  Explain your issue (If you need more space, use Section A of the CDCR 602-A):** On 3-7-18 c/o P. Castellans Called me many nigger, perverts, and Rapist while endangered my safety by showing a 128-G of my charges and told me his buddy is doing investigation of my sexual battery claim on him from 12-28-17. He also ripped up my legal documents for active suit plus affidavits.

**B.  Action requested (If you need more space, use Section B of the CDCR 602-A):** monetary relief, a no contact order as I fear further reprisal. To retrieve Affidavits from some of my witnesses against him that he destroyed. HIS ACTIONS CAUSES ME TO HAVE HOMICIDAL THOUGHTS TOWARD HIM & DEPRESSION.

**Supporting Documents:  Refer to CCR 3084.3.**

☐ Yes, I have attached supporting documents.

List supporting documents attached (e.g., CDC 1083, Inmate Property Inventory; CDC 128-G, Classification Chrono):

☒ No, I have not attached any supporting documents. Reason :

MAR 19 2018

REC BY OOA
JUN 25 2018

REC BY OOA
MAY 13 2018

REC BY OOA
DEC 11 2018

Inmate/Parolee Signature: _____   Date Submitted: 3-10-18

☐ **By placing my initials in this box, I waive my right to receive an interview.**

---

**C.  First Level - Staff Use Only**

Staff – Check One:  Is CDCR 602-A Attached?  ☐ Yes  ☐ No

This appeal has been:

☐ Bypassed at the First Level of Review.  Go to Section E.

☐ Rejected (See attached letter for instruction)  Date: _____ Date: _____ Date: _____ Date: _____

☐ Cancelled (See attached letter)  Date: _____

☐ Accepted at the First Level of Review.

BYPASS

Assigned to: _____  Title: _____  Date Assigned: _____  Date Due: _____

First Level Responder:  Complete a First Level response.  Include Interviewer's name, title, interview date, location, and complete the section below.

Date of Interview: _____  Interview Location: _____

Your appeal issue is:  ☐ Granted  ☐ Granted in Part  ☐ Denied  ☐ Other

See attached letter, If dissatisfied with First Level response, complete Section D.

Interviewer: _____ (Print Name)  Signature: _____  Date completed: _____

Reviewer: _____ (Print Name)  Signature: _____

Date received by AC: _____

| | AC Use Only |
|---|---|
| | Date mailed/delivered to appellant ___ / ___ / ___ |

State of California

# Memorandum

Date    :    November 13, 2018
To      :    Puckett #G05549
            D5-150L
            California State Prison-Los Angeles County

Subject:    **STAFF COMPLAINT RESPONSE – AMENDED APPEAL # LAC-D-18-01493    SECOND LEVEL RESPONSE**

**APPEAL ISSUE:**
The appellant alleges on March 7, 2018, Correctional Officer (C/O) P. Castellanos, engaged in staff misconduct towards the appellant. The appellant alleges C/O Castellanos called him a "nigger, pervert and rapist". Additionally, the appellant claims the officer showed others a copy of his CDC 128-G with his charges and informed the appellant his buddy was doing an investigation on him.

All issues unrelated to the allegation of staff misconduct must be appealed separately and will not be addressed in this response.  The appellant does not exhaust administrative remedies on any unrelated issue not covered in this response or concerning any staff member not identified by the appellant in this complaint.  If the appellant is unable to name all involved staff, the appellant may request assistance in establishing their identity.

**DETERMINATION OF ISSUE**:
The appellant's allegation of staff misconduct has been reviewed by the Hiring Authority. As a result of said review your appeal was referred for an appeal inquiry.

**SUMMARY FOR APPEAL INQUIRY:**
K. Graves, Correctional Lieutenant (Lt.), was assigned to review this appeal at the Second Level of Review. The First Level of Review was bypassed per California Code of Regulations (CCR), Title 15, Section 3084.7(b). All submitted documentation and supporting arguments have been considered.

On April 22, 2018 Lieutenant (LT) K. Graves contacted the California State Prison – Sacramento (SAC) to conduct a telephone interview with the appellant to afford him an opportunity to fully explain his appeal. The appellant agreed to participate in the interview. The appellant stated his CDCR# G05549. C/O Morales of SAC confirmed the appellant's identity.

As the interview commenced, the appellant was asked if he had additional information to add to his appeal; the appellant did not have additional information to add to his appeal. The appellant did not provide inmate witnesses to substantiate his claim. The appellant did not provide additional staff or inmate witnesses who were present on the day the allege misconduct occurred.

The matter was referred for an appeal inquiry, conducted confidentially by staff locally. The following individuals were interviewed: C/O P. Castellanos. Staff did not violate California Department of Corrections and Rehabilitation policy with respect to the issues raised.

Second Level Appeal Response
LAC-D-18-01493
Page 2

Attachment E2

**FINDINGS:**

This appeal is Partially Granted in that an inquiry into the allegation has been conducted at the institutional level and inmates shall not be subject to retaliation as specified in the CCR, Title 15, CCR Section 3084.1.

ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, the details of any inquiry or investigation will not be shared with staff, members of the public, or offender appellants. Although the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.

If the appellant wish to appeal the decision, the appellant must submit his staff complaint appeal through all levels of appeal review up to, and including, the Secretary's Level of Review. Once a decision has been rendered at the Third Level, the appellant's administrative remedies, will be considered exhausted.

(4) ~ /

K. GRAVES
Correctional Lieutenant
California State Prison–Los Angeles County

R. C. Johnson

R.C. JOHNSON
Warden (A)
California State Prison–Los Angeles

STATE OF CALIFORNIA
RIGHTS AND RESPONSIBILITY STATEMENT
CDCR 1853 (Rev. 10/06)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections and Rehabilitation has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]    FOR ANY IMPROPER POLICE    [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.    CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| Puckett, Durrell Anthony | | 5-15-18 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| Puckett, Durrell Anthony | | AG549 | 5-15-18 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA—DEPARTMENT OF CORRECTIONS AND REHABILITATION                    EDMUND G. BROWN JR., GOVERNOR

## OFFICE OF APPEALS

1515 S Street, Sacramento, CA 95814
P.O. Box 942883
Sacramento, CA 94283-0001

June 13, 2018

MARKED
JUN 1 8 2018

PUCKETT, DURRELL, G05549
California State Prison, Sacramento
P.O. Box 29
Represa, CA 95671

RE: TLR# 1806748    LAC-18-01493    STAFF COMPLAINTS

The Office of Appeals, California Department of Corrections and Rehabilitation (CDCR) acts as the third level of review as established in California Code of Regulations (CCR) Title 15, Article 8. The Office of Appeals examines and responds to inmate and parolee appeals, after the institution or parole region has responded at the Second Level of Appeal.

Your appeal has been rejected pursuant to the California Code of Regulations, Title 15, Section (CCR) 3084.6(b)(7). Your appeal is missing necessary supporting documents as established in CCR 3084.3. All documents must be legible (If necessary, you may obtain copy(ies) of requested documents by sending a request with a signed trust withdrawal form to your assigned counselor). Your appeal is missing:

• CDCR Form 1858, Rights and Responsibilities Statement

M. VOONG, Chief
Office of Appeals

X NOTE THERE WAS AS YOU SEE LAST PAGE WAS A CDCR 1858 FORM ALREADY BUT HERE GOES ANOTHER ONE

Be advised that you cannot appeal a rejected appeal, but should take the corrective action necessary and resubmit the appeal within the timeframes specified in CCR 3084.6(a) and CCR 3084.8(b). Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

****PERMANENT APPEAL ATTACHMENT - DO NOT REMOVE****

CORCORAN STATE PRISON

NAME D. Puckett

CDCR NUMBER G.05549

HOUSING 1NF-cell 24s

PO BOX 8800

CORCORAN, CA 93212

legal

STATE PRISON
GENERATED MAIL

CORCORAN
STATE PRISON



RECEIVED
CLERK, U.S. DISTRICT COURT

SEP 3 2019

CENTRAL DISTRICT OF CALIFORNIA
BY                     DEPUTY

U.S. Postage

U.S. District Court
Central District Court Clerk
312 N. Spring St, G-8
L.A., Ca 90012