**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DURRELL ANTHONY PUCKETT,<br><br>            Plaintiff,<br><br>     v.<br><br>OFFICER D. BOLANOS et al.,<br><br>            Defendants. | Case No. CV 19-7688-JLS (JPR)<br><br>ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |

On September 5, 2019, Plaintiff, a state inmate proceeding pro se, filed a civil-rights action under 42 U.S.C. § 1983 against numerous employees of the California State Prison, Los Angeles County. He was subsequently granted leave to proceed in forma pauperis. On December 12, 2019, before the Court could screen the Complaint, he filed a First Amended Complaint. On January 19, 2020, the Court dismissed the FAC with leave to amend. On February 11, 2020, he filed a Second Amended Complaint.

Plaintiff's claims arise primarily from several December 28, 2017 incidents during which prison guards allegedly assaulted him. He has named as Defendants the following CSP-LAC employees:

1

correctional sergeants Salvador Bermudez and Miguel Mendoza; correctional officers David Bolanos, Pedro Castellanos, Aaron Altamirano, Raymond Monteon, David Melos-Trejos, Richard Tull, Robert Anderson, Michael Dilger, and Carlos Flores; and "[p]sych [t]ech[s]" Erika Rios and Clark.[1]  (SAC at 2-6 (the Court uses the pagination generated by its official Case Management/ Electronic Case Filing system).)  He sues them in only their individual capacity, and he seeks damages.  (Id. at 2-6, 9.)

After screening the SAC under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court finds that some of its allegations fail to state a claim on which relief might be granted.  Because those claims might be cured by amendment, the SAC is dismissed with leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (holding that pro se litigant must be given leave to amend complaint unless absolutely clear that deficiencies cannot be cured).  If Plaintiff desires to pursue any of his claims, he is ORDERED to file a third amended complaint within 28 days of the date of this order, remedying the deficiencies discussed below.

**STANDARD OF REVIEW**

A complaint may be dismissed as a matter of law for failure to state a claim "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010) (as amended) (citation omitted); accord O'Neal v. Price, 531 F.3d 1146, 1151 (9th Cir. 2008).  In

---

[1] Plaintiff says Clark's first name is "unknown."  (SAC at 3.)

2

considering whether a complaint states a claim, a court must generally accept as true all the factual allegations in it. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Hamilton v. Brown, 630 F.3d 889, 892-93 (9th Cir. 2011). The court need not accept as true, however, "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted); see also Shelton v. Chorley, 487 F. App'x 388, 389 (9th Cir. 2012) (finding that district court properly dismissed civil-rights claim when plaintiff's "conclusory allegations" did not support it).

Although a complaint need not include detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); Yagman v. Garcetti, 852 F.3d 859, 863 (9th Cir. 2017). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted); Byrd v. Phx. Police Dep't, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam).

**DISCUSSION**

## I. Some of the SAC's Allegations Fail to State a Claim on Which Relief Might Be Granted

Although the allegations in the SAC provide a somewhat clearer picture of what transpired and who was involved in the alleged attacks giving rise to Plaintiff's claims than those in the FAC — for instance, he clarifies that he was attacked "(3) times in 10 minutes" (SAC at 11) — there remain glaring problems that he must fix to state cognizable Eighth Amendment claims.[2]

For instance, Plaintiff's allegations that on December 28, 2017, Bolanos "intentionally pepper spray[ed]" him; Castellanos, Flores, and Mendoza struck him "multiple times" and called him "racial slurs"; Anderson "beat [him]"; and Melos-Trejos and Altamirano hit him "a lot" with a baton while he was naked (id. at 8) sufficiently establish those Defendants' role in the attacks. But some of his other allegations are not as clear. The only allegations about Monteon and Dilger are that they tried to "pump everything up." (Id.) That ambiguous phrase can mean almost anything and is insufficient to support an inference that they participated in the attacks in any way that would make them constitutionally liable. Similarly, he alleges that Bermudez, Rios, Clark, and Tull "failed to intervene or report" the attack

---

[2] Plaintiff says he has "filed other lawsuits in state or federal court dealing with the same facts involved in this action." (SAC at 13; see id. at 8, 11 (stating that he filed "Writ of Habeas Corpus due to prison staff's "non-responsive[ness]" to his administrative grievances).) But the lawsuit he identifies (see id. at 13) was filed in 2010, nearly eight years before the conduct alleged in the SAC, and none of his many lawsuits in either this district or the Eastern District appear related to his claims here.

4

(id.), but he does not allege facts from which to infer that those Defendants were aware of the attacks and were in a position to stop them. See Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (failure of prison officials to protect inmate from attack "may rise to the level of an Eighth Amendment violation when: (1) the deprivation alleged is 'objectively, sufficiently serious' and (2) the prison officials had a 'sufficiently culpable state of mind,' acting with deliberate indifference" (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)).[3]

Plaintiff also fails to adequately allege that he was denied medical or mental-health treatment. His only allegation on that score is that Rios and Clark "denied medical" because "nobody wanted to get held to do over time." (SAC at 8.) Those conclusory allegations, which offer no details about what medical treatment he requested and the circumstances under which his requests were denied, are insufficient to establish deliberate indifference to his serious medical needs. See Shelton, 487 F. App'x at 389 (affirming dismissal when plaintiff's "conclusory

---

[3] The SAC still fails to allege sufficient facts to show that the force used by Defendants in the attacks was "malicious[] and sadistic[]" and not "applied in a good-faith effort to maintain or restore discipline," Rodriguez v. Cnty. of L.A., 891 F.3d 776, 788 (9th Cir. 2018) (citation omitted), as the Court previously warned Plaintiff he must do (see Order Dismissing FAC at 7-8). Specifically, although he claims that to justify the attack several Defendants falsely reported that he had "spit" on them (SAC at 8), he fails to coherently set forth the chain of events that culminated in the attacks, omitting critical information about what prompted the officers' use of force and whether his admittedly "suicidal" behavior played a role. Although the facts alleged in inmate Billy Cook's declaration, which is attached to the SAC (see id. at 20-21), likely cure those deficiencies, Plaintiff should himself allege them in any amended pleading, assuming he believes them to be true.

5

allegations d[id] not support his claim that defendant's actions constituted deliberate indifference to a serious medical need"). Indeed, the exhibits he attaches to the SAC show that he was evaluated by medical staff the same day as the alleged attacks (SAC at 18), and he admits that he was later taken to an "outside hospital for a second opinion" and treatment (id. at 9); see Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir.) (noting that plaintiff can "plead himself out of a claim by including . . . details contrary to his claims"), amended by 275 F.3d 1187 (9th Cir. 2001); Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1295-96 (9th Cir. 1998) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint.").

## II. The SAC Once Again Does Not Comply with Federal Rule of Civil Procedure 10(a)

As the Court already explained to Plaintiff (see Order Dismissing FAC at 12), Rule 10(a) of the Federal Rules of Civil Procedure requires that the "title of the complaint must name all the parties." And the Central District's standard civil-rights complaint form, which he used to draft the SAC, instructed him to do the same. (See SAC at 1.) Nonetheless, Plaintiff names only "Officer D. Bolanos" in the SAC's caption. (Id.) In any amended complaint he chooses to file, he must list the names of all Defendants in the proper space in the caption or the amended complaint will be subject to dismissal on that basis alone. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (as amended).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

If Plaintiff desires to pursue any of his claims, he is ORDERED to file a third amended complaint within 28 days of the date of this order, remedying the deficiencies discussed above. The TAC should bear the docket number assigned to this case, be labeled "Third Amended Complaint," and be complete in and of itself, without reference to the SAC or any other pleading. **He is warned that if he fails to timely file a sufficient TAC, the Court may dismiss this action entirely on the grounds set forth above or for failure to diligently prosecute, particularly given that Plaintiff has already been given numerous opportunities to cure the deficiencies in his claims.**

DATED: March 24, 2020

_____
JEAN P. ROSENBLUTH
U.S. MAGISTRATE JUDGE